**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Hassan H.,

Petitioner,

v.

Pamela Bondi, *in their official capacity as Attorney General of the United States*; Kristi Noem, *in her capacity as Secretary of the United States Department of Homeland Security*; Todd M. Lyons, *in his official capacity as Acting Director of the United States Immigration and Customs Enforcement*; David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and Joseph B. Edlow, *in his official capacity as Director, U.S. Immigration and Customs Enforcement*,

Respondents.

Civ. No. 26-770 (JWB/DJF)

**ORDER FOR RELEASE**

---

On January 30, 2026, Respondents were ordered to file a supplemental memorandum by 2:00 p.m. on February 2, 2026, addressing:

1. Whether Petitioner falls within the putative class covered by Judge Tunheim's Temporary Restraining Order [in *U.H.A. et al. v. Bondi et al.*, Civ. No. 26-417 (JRT/DLM), Doc. No. 41 (D. Minn. Jan. 28, 2026)];

2. If Respondents contend that Petitioner does not fall within that class, the specific factual and legal basis for that contention; and

3. If Respondents contend that Petitioner may nevertheless be detained notwithstanding the Temporary Restraining Order, the legal authority supporting that position.

(Doc. No. 7.) Respondents were warned that "[a]bsent a showing that the Temporary Restraining Order does not apply to Petitioner, or that Respondents possess lawful authority to detain Petitioner notwithstanding that Order, this Court will order immediate release." (*Id.*)

Respondents have not filed a response by the deadline.

Accordingly, **IT IS HEREBY ORDERED** that:

1. **Release**. Respondents shall immediately release Petitioner from custody. He must be released in Minnesota. At the time of Petitioner's release, Respondents shall return to Petitioner all personal property in Respondents' custody or control, including but not limited to, passports, identity papers or licenses, immigration records, prescribed medications, and treatment-related equipment. Release may not be delayed for any reason related to the retrieval, processing, or return of such property. Any delay or failure to effectuate release in accordance with this paragraph constitutes noncompliance with this Order.

If Petitioner is currently held outside Minnesota, Respondents shall immediately initiate Petitioner's return to Minnesota for the sole purpose of effectuating release. Respondents shall not delay initiation of return based on administrative convenience, transportation availability, or detention-capacity considerations.

Upon Petitioner's arrival in Minnesota, Respondents shall effectuate release forthwith. If, at the time release would otherwise occur, weather conditions would expose Petitioner to extreme cold or other reasonably dangerous conditions, Respondents may delay physical release only for the brief period necessary to effectuate release in a safe

manner. Respondents shall employ the earliest reasonably available safe means of release and may not delay release where a safe option is available. Any such delay must be strictly limited and must not be used to justify continued custody, supervision, or discretionary release authority.

2. **Notice.** Within 48 hours of this Order, Respondents shall file an update on the status of Petitioner's release. In the update, Respondents must confirm the time, date, and location of the release or anticipated return and release. If Petitioner has been removed from Minnesota, Respondents must file a confirmation of the time, date, and location of release promptly upon Petitioner's arrival in Minnesota.

3. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and authorization from the Court, or absent a new and independently lawful custody decision properly executed under the law. For the avoidance of doubt, Respondents' compliance with this Order requires Petitioner's immediate release in Minnesota without any newly issued instrument that either imposes new conditions of supervision or restraint or restates previously imposed conditions.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 2, 2026
Time: 4:50 p.m.

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge